IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE BONNEY, Independent Administrator of the Estate of Kaylynn Bonney, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CRST MALONE, INC., | ) ) |
| Defendant/Third Party Plaintiff, | ) ) ) |
| v. | ) ) |
| CHERYL RUZICH, | ) ) |
| Third Party Defendant. | ) |

CAUSE NO. 06-CV-345-WDS

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a motion to strike the defendant/third-party plaintiff's third party complaint (Doc. 35), to which the third-party defendant has filed a response (Doc. 37). The motion seeks to strike the entire complaint, on the grounds that it is improper to attempt to pass along 100% liability to the third party defendant, and, in the alternative, to strike paragraph 10(b) on the grounds that the allegations in that paragraph, failure to war a seatbelt, is not, as a matter of law, admissible with respect to the issue of either damages or liability.

## BACKGROUND

On January 25, 2006, Kaylynn Bonney—for whom plaintiff Shane Bonney ("Bonney") is the independent administrator—was traveling northbound in a pick-up truck on Interstate 57, in a truck driven by Raymond Ruzich, deceased. Bonney alleges that, at around 6:30 P.M., a tractor-trailer owned and operated by CRST Malone was traveling southbound when it crossed a grass median and struck the pick-up truck in which Kaylynn Bonney was traveling. The accident caused severe injuries and led to the death of Kaylynn Bonney, who, at the time of her death, was ten year's old. (Doc. 2)

Bonney originally commenced this action by filing a complaint in the Circuit Court of the Twentieth Judicial Circuit in St. Clair County, Illinois and CRST Malone removed this case to this Court. (Doc. 2). Subsequently CRST Malone filed a third-party complaint against Cheryl Ruzich, the independent administrator of the Estate of Raymond Ruzich alleging that Raymond Ruzich was at least contributorily liable for the injuries caused in the accident.  In the third-party complaint,  CRST Malone claims that Raymond Ruzich was under the influence of alcohol, negligently failed to provide adequate safety and supervision, and failed to ensure that all passengers were wearing seatbelts. Cheryl Ruzich filed a motion to strike two portions of the Third-Party Complaint, paragraphs 5 and 10(b).

## ANALYSIS

### A. Motion to Strike Paragraph 5 of CRST Malone's Third-Party Complaint

Ruzich argues that paragraph 5. of CRST Malone's third-party complaint should be stricken, as CRST "seeks a remedy that does not exist under the theory of contribution in the State of Illinois." Specifically, Ruzich contends that, pursuant to Illinois' Right of Contribution statute, CRST Malone may not request that the Court apportion all liability to a third-party defendant who was not originally named a party to the action and has no pre-tort relationship with the original defendant. *See Hackett v. Equip. Specialists, Inc.,* 559 N.E.2d 752, 762 (Ill. App. Ct. 1990) ("Defendant is only entitled to contribution to the extent plaintiff's injury was caused by third-party defendant, and not by defendant."); *Doyle v. Rhodes*, 461 N.E.2d 382 (Ill. 1984) (noting that it is inappropriate to determine relative levels of tort contribution of third-party defendants at the pleading stage).

As CRST Malone correctly points out however, it does not seek to apportion zero percent of the liability to itself and one-hundred percent of the tort liability to Ruzich.  A plain reading of CRST Malone's third-party complaint clearly demonstrates that CRST Malone denies any liability to Bonney; alternatively, to the extent that it might be liable to Bonney, CRST Malone believes that it is entitled to recovery of the portion of liability due to Ruzich's actions.  Pursuant

to Illinois Right of Contribution statue, a defendant may only seek recovery against a third-party defendant for contribution "in excess of his pro rata share" of common liability. 740 ILCS 100/2(b) ("No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability."). This is precisely the natural construction of CRST Malone's third-party complaint, i.e. that CRST Malone seeks recovery of all liability beyond its pro rata share of the damages. Whether that portion is zero, one-hundred percent, or anywhere in between is an issue of fact and not for the Court to determine at the pleading stage of these proceedings. *See Doyle*, 461 N.E.2d at 391 (resolution of the portion of liability attributable to the defendant and third-party defendant respectively "will hinge on a determination of the character of her negligence" and "will depend on the facts that are developed at trial.").

Moreover, the Court does not agree with Ruzich's interpretation that "the only basis for passing one-hundred percent…liability to another [is]…'Implied Indemnity'." Illinois' Right of Contribution statute only provides that a tortfeasor need not pay more that his pro-rata share of damages—regardless if those damages are zero or one-hundred percent of total liability. Surely, Ruzich is correct to the extent that in *some* circumstances it may be "logically impossible" for a third-party plaintiff to completely disappear. However, as even the Illinois Appellate court noted in *Hackett* (the case Ruzich cites in support of her Motion), "[t]here still may be certain instances where a third-party plaintiff may receive 100% contribution from a third-party defendant." *Hackett,* 559 N.E.2d at 762 (holding that 100% apportionment of liability to third-party defendant was inappropriate *in that case*). Whether those circumstances exist in this case is an issue of fact to be decided later, and accordingly, the Court **DENIES** Ruzich's Motion to Strike paragraph 5 of CRST Malone's Third-Party Complaint.

### B. Motion to Strike Paragraph 10(b)

Secondly, Ruzich argues that paragraph 10(b) of CRST Malone's third-party complaint should be sticken. This paragraph alleges that Ruzich negligently and carelessly failed to ensure that all passengers in his vehicle, including plaintiff Bonney, were wearing seatbelt restraints.

Cheryl Ruzich contends that, as a matter of law, the non-use of a seat belt is inadmissible as to the question of negligence liability or damages. S*ee, Clarkson v. Wright*, 483 N.E.2d 268, 270 (Ill. 1985) ("Evidence of failure to wear a seat belt should not be admitted with respect to either the question of liability or damages.").

As Ruzich correctly points out, pursuant to Illinois Supreme Court precedent, evidence of one's *own* failure to wear a seat belt cannot be admitted to limit a tortfeasor's liability. *Id*. In fact, after the Illinois Supreme Court articulated this rule in *Clarkson*, the Illinois General Assembly codified it in its Vehicle Code. *See* 625 ILCS 5/12-603.1(c) ("Failure to wear a seat safety belt in violation of this Section shall not be considered evidence of negligence, shall not limit the liability of an insurer, and shall not diminish any recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle.").

However, as later Illinois appellate courts as well as the Seventh Circuit have noted, the *Clarkson* rule only applies to the driver himself. *Bachman v. Gen. Motors Corp.*, 776 N.E.2d 262, 297 (Ill. App. Ct. 2002) ("That section does not preclude all seat-belt evidence, but only evidence of nonuse in determining whether the person was negligent in failing to utilize the vehicle's seat-belt system."); *see also DePaepe v. Gen. Motors Corp.*, 33 F.3d 737, 746 (7th Cir. 1994) ("[T]he Illinois seat belt statute is directed to the contention that a plaintiff was himself negligent in failing to utilize the vehicle's restraint system.")

*Clarkson* does not address the admissibility of seat belt evidence regarding potential negligence of a driver in failing to vertify that the car's premises were safe for other passengers—which necessarily includes whether the other passengers were wearing proper safety protection (i.e. seat belts). This is especially true when, as in the case at bar, the plaintiff's decedent and two other passengers were young minors and may not have recognized the repercussions of not utilizing a car's safety-belt system. That is, by failing to insure that his passengers were wearing seatbelts, Ruzich may have contributed to their injuries. Therefore, evidence related to the use of seat belts by the minors in this case may be relevant to determine

the extent to which that fact may have contributed to the plaintiff's injuries and damages. *See Mount v. McClellan*, 234 N.E.2d 329, 331 (Ill. App. Ct. 1968) (The non-use of seat belts "should be limited to the damage issue of the case and should not be considered by the trier of facts in determining the liability issue."). Accordingly, this Court **DENIES** Ruzich's Motion to Strike paragraph 10(b) the third-party complaint.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion of the third-party defendant to strike paragraphs 5 and 10(b) of third-party complaint.

Defendant's motion to amend the third-party complaint to add an additional defendant, International Union of Operating Engineers, Local 318 (Doc. 42), is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: May 21, 2007.**


                              s/ WILLIAM D. STIEHL
                                 DISTRICT JUDGE